UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN GOULD CORPORATION, ) <br> ) <br> Plaintiff and Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> ) <br> BUCKEYE INTERNATIONAL, INC., ) <br> ) <br> Defendant and Counter-Plaintiff ) | Case No.: 4:22-cv-00771 <br> <u>Jury Trial Demanded</u> |

**<u>DEFENDANT BUCKEYE INTERNATIONAL, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT I OF PLAINTIFF STEPHEN GOULD CORPORATION'S FIRST AMENDED COMPLAINT</u>**

Defendant and Counterclaim-Plaintiff, Buckeye International, Inc. ("Buckeye"), pursuant to Federal Rule of Civil Procedure 12(c), by and through its undersigned counsel, states and states in support of its Motion for Judgment on the Pleadings as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Buckeye International, Inc. ("Buckeye") submitted twenty-three purchase orders (POs) to Plaintiff Stephen Gould Corporation ("Stephen Gould") for pumps and trigger sprayers between March and August 2020. The POs stated delivery of these pumps and trigger sprayers was to occur between June and November 2020. Stephen Gould accepted the POs. The POs noted they were governed by and were subject to Buckeye's terms and conditions. (Doc. #1-2). Under the Buckeye Terms and Conditions (hereinafter the "T&Cs"), Buckeye has the right to cancel and recover damages for the breach of those purchase orders, and Stephen Gould has no right to recover any costs, expenses, damages, or otherwise as a result of its breaches. Stephen Gould did not complete delivery of any of the orders at issue to Buckeye by the delivery dates

1

specified on the POs and Buckeye cancelled all the orders at issue. Buckeye has not paid Stephen Gould under the POs due to Stephen Gould's breach of the POs' material terms.

On November 28, 2023, Buckeye filed its Motion for Summary Judgment, Memorandum in Support, and Statement of Material Facts, seeking summary judgment on its counterclaims. (Doc. #61-62, 64). On December 12, 2023, Stephen Gould filed its Motion for Summary Judgment, Memorandum in Support, and Statement of Material Facts, seeking summary judgment for Count I—Suit on Account in its Complaint. (Doc. #68-70). On September 6, 2024, the Court ruled on Buckeye and Stephen Gould's Motions and denied both. (Doc. #88). In so ruling, the Court analyzed Stephen Gould's claim for action on account as a breach of contract claim because there was an express contract between the parties. *Id.* In response to this order, Stephen Gould moved for leave to file its First Amended Complaint. (Doc. #92). On December 5, 2024, the Court granted Stephen Gould's Motion for Leave. (Doc. #94). Stephen Gould's First Amended Complaint adds Count II—Breach of Contract but retains Count I—Suit on Account. (Doc. #93).

## LEGAL STANDARD

"'A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Nationwide Mut. Ins. Co. v. Harris Medical Assocs., LLC*, 973 F. Supp. 2d 1045, 1051 (E.D. Mo. 2013). "The same standard of review governs a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss under Rule 12(b)(6)." *Klutho v. New Day Financial, LLC*, 522 F. Supp. 2d 1174, 1176 (E.D. Mo. 2007). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Id.* "The principle that a court must accept as true all of the allegations contained in a pleading is inapplicable to legal conclusions, however." *Id.* Courts may consider the pleadings, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record in ruling on a 12(c) motion. *Id.*

## ARGUMENT

**I.  Stephen Gould's Suit on Account Claim is Based on an Express Contract.**

As the Court aptly notes in its September 6, 2024 Order, an action on account is not appropriate when the parties have an express contract with one another. *See Exec. Jet Mgmt. & Pilot Serv., Inc. v. Scott*, 629 S.W.2d 598, 607 (Mo. Ct. App. 1981) (noting "plaintiff's cause of action could hardly be characterized as a suit on account" where evidence showed "oral bilateral contract agreements"). Buckeye and Stephen Gould agree there are express contracts between them in the form of the POs. To cite this Court once more, "[i]t is undisputed that the transactions here are all subject to express contracts. Try as it might, '[P]laintiff may not relieve itself of its obligations' under the governing contracts 'by the device of suing on an account.' *See St. Louis Testing Lab'ys, Inc. v. Miss. Val. Structured Steel Co.*, 254 F. Supp. 47, 53 (E.D. Mo. 1966), *aff'd*, 375 F.2d 565 (8th Cir. 1967)." (Doc. #88 at p. 6). Stephen Gould's action on account then "becomes one for breach of contract." (Doc. #88 at p. 6).

Seemingly in response to the Court's well-reasoned opinion, Stephen Gould sought leave to file an amended complaint. (Doc. #92). While Stephen Gould added a count for breach of contract, it retained its suit on account claim. (Doc. #93). As discussed above, when an express

3

contract exists between the parties, the appropriate cause of action is a breach of contract action. Any claim for action on account becomes a breach of contract action when an express contract exists. Stephen Gould's claim for action on account cannot survive this 12(c) motion as its complaint does not "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Stephen Gould's First Amended Complaint makes clear there were express contracts between it and Buckeye—it discusses the POs and their governing T&Cs. It is clear from the face of Stephen Gould's complaint that its claim for action on account is based upon an express contract. As such, it does not state plausible claim for relief. *See St. Louis Testing Lab'ys, Inc.*, 254 F. Supp. at 53. Stephen Gould's claim for suit on account should be dismissed.

**II.    Stephen Gould's Claim for Suit on Account is Duplicative of its Breach of Contract Claim and Could Result in a Double Recovery.**

Stephen Gould's claim for action on account is also duplicative of its breach of contract claim and could lead to an impermissible double recovery. Stephen Gould, as noted by the Court in its September 6, 2024 Order, is bringing a breach of contract claim in Count I—Suit on Account. As Stephen Gould is now pleading a claim for breach of contract, Count I is unnecessary, duplicative, and could result in a double recovery for Stephen Gould if both counts are presented to the jury. *See Fries v. Stieben*, 455 F. Supp. 1204 (D.S.D. 1978) (granting motion for judgment on the pleadings on second cause of action brought by plaintiff because it could result in a double recovery). If Stephen Gould is allowed to bring both causes of action before the jury and receive jury instructions on both, it is likely to confuse and mislead the jury, waste the Court's time and resources, and could possibly lead to a double recovery. The Court should dismiss Stephen Gould's Count I for Suit on Account.

## **CONCLUSION**

WHEREFORE, Defendant and Counter Plaintiff Buckeye International, Inc. respectfully requests that this Court enter an order dismissing Count I—Suit on Account of Plaintiff and Counter Defendant Stephen Gould Corporation, Inc.'s First Amended Complaint and grant such other and further relief to which this Court finds Buckeye is entitled.

Date: February 28, 2025                                         LATHROP GPM LLP

By */s/ Gabrielle H. Intagliata*
Gabrielle H. Intagliata (MO #72862)
The Plaza at Clayton
190 Carondelet Plaza, Suite 1400
Clayton, MO 63105
Telephone:  (314) 613.2800
Telecopier:  (314) 613.2801
gabrielle.intagliata@lathropgpm.com

Michael J. Abrams (MO #42196)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292.2000
Telecopier: (816) 292.2001
michael.abrams@lathropgpm.com

**Attorneys for Defendant Buckeye International, Inc**

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that on the 28th day February, 2025, Buckeye served its Reply in Support of its Motion for Summary Judgment via the Court's eFiling System on all counsel of record.

      By */s/ Michael J. Abrams*
      An Attorney for Defendant