# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN GOULD CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00771-MTS |
| | ) | |
| BUCKEYE INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On Wednesday, January 08, 2025, Plaintiff Stephen Gould Corporation's deadline to file its answer to Defendant Buckeye International, Inc.'s counterclaim came and went without Plaintiff filing a thing.  *See* Fed. R. Civ. P. 12(a)(1)(B).  Some weeks later, Defendant filed a Motion for Partial Judgment on the Pleadings, seeking judgment in its favor on one of Plaintiff's two claims.  Plaintiff missed the deadline to oppose that Motion, too.  *See* E.D. Mo. L.R. 4.01(B) (providing that "each party opposing a motion" must do so "within fourteen (14) days").  The Court later granted Defendant's unopposed Motion for Partial Judgment on the Pleadings.  And in that same Order, the Court provided Plaintiff seven days to file its answer to Defendant's counterclaim—an answer that, by then, was over ten weeks late.  Pursuant to the Court's Order, Plaintiff needed to file the answer by Thursday, March 27.  Plaintiff failed to do so.

There is no doubt that Plaintiff saw the Court's Order ordering it to file its answer by March 27 because, on March 25, Plaintiff filed a Motion for Reconsideration, which asked that the Court to vacate its grant of partial judgment on the pleadings to Defendant.

Doc. [101]. Though Plaintiff unquestionably saw and read the Court's Order, Plaintiff declined to file the answer—an answer that already was ten weeks late—as ordered. Instead, in the afternoon on Friday, March 28, Plaintiff filed a Motion for Extension of Time, Doc. [103], and then, without waiting for leave to be granted, separately filed its answer, Doc. [104].

One might expect that Plaintiff's Motion for Extension of Time would be quite detailed and convey some compelling reasons why the Court should extend the time for its answer. After all, the Federal Rules of Civil Procedure mandated that Plaintiff file its answer more than eleven weeks prior to the Motion for Extension of Time. And the Rules also require that, when a party files a motion for extension of time after the time to act has expired, the party must demonstrate good cause for an extension *and* show "excusable neglect" for failing to act. Fed. R. Civ. P. 6(b)(1). Plaintiff's Motion failed to do so. It did not even allude to the concepts of "good cause" or "excusable neglect."

Nevertheless—perhaps as a professional courtesy or in recognition of the judicial preference for adjudication on the merits, *see Belcourt Public School District v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015)—Defendant did not oppose Plaintiff's Motion for Extension of Time. Our system is an adversarial one. *See Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992) (explaining "[o]urs is an adversarial system" where a district judge "looks to the parties" and does not "play the 'proactive' role of a Continental European judge"). Because Defendant did not oppose Plaintiff's Motion, the Court will grant it despite the Motion's obvious flaws. *See Niemi v. Lasshofer*, 728 F.3d 1252, 1259 (10th Cir. 2013)

(Gorsuch, J., for the Court) (noting that under our adversarial system, courts "don't usually go looking for trouble" but "rely instead on the parties").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stephen Gould Corporation's Motion for Extension of Time, Doc. [103], is **GRANTED**.

Dated this 14th day of April 2025.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE