UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN GOULD CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BUCKEYE INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Case No. 4:22-cv-00771-MTS |

## MEMORANDUM AND ORDER

In the Court's Memorandum and Order ruling on the parties' Motions for Summary Judgment, the Court, citing to Missouri law,[1] explained why the evidence adduced here precluded a claim for action on account. Doc. [88] (2024 WL 4103638). Plaintiff then filed an unopposed Motion for Leave to File a First Amended Complaint, which the Court granted. In Plaintiff's First Amended Complaint, Doc. [93], Plaintiff again included a claim for action on account along with a new breach of contract claim. Defendant later filed a Motion for Judgment on the Pleadings pointing out that it was entitled to judgment on Plaintiff's action on account claim for the reasons the Court stated in the summary judgment Memorandum and Order. *See* Doc. [99]. Plaintiff did not oppose Defendant's Motion for Judgment on the Pleadings, *see* E.D. Mo. L.R. 4.01(B) (providing a fourteen-day deadline to oppose any motion), and the Court summarily granted Defendant's

---

[1] *See, e.g.*, *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 133 (Mo. Ct. App. 2005); *Flo-Prod. Co. v. Valley Farms Dairy Co.*, 718 S.W.2d 207, 209 (Mo. Ct. App. 1986); *Hopkins v. Goose Creek Land Co.*, 673 S.W.2d 465, 468 (Mo. Ct. App. 1984).

unopposed Motion. Plaintiff then filed a Motion for Reconsideration urging the Court to vacate its Order that granted the unopposed Motion. Because Plaintiff fails to point to any facts that show it could maintain an action on account under Missouri law, the Court will deny the Motion to Reconsider.

*

Plaintiff's briefing on its Motion for Reconsideration misses the mark. At times, it both misses the point and misreads the caselaw on which it relies. Under Missouri law, "[a]n action on account, although sounding in contract, is not an action on express contract." 35 Robert H. Dierker & Richard J. Mehan, *Missouri Practice Series: Contract, Equity, & Statutory Actions Handbook* § 4:11 (2025 ed.). Notwithstanding this reality, Plaintiff maintains that "[s]uits on account are routinely predicated on express contracts." Doc. [102] at 3. Plaintiff then cited five cases, none of which discuss the issue or analyze the propriety or logic of an action on account claim where there is an express contract. As *sub silentio* examples, their value would be little.[2] But even worse, none of those cases involve an express contract that solidified the price at the heart of the parties' disputes.

An "express contract" is one "whose terms the parties have explicitly set out." *Contract*, Black's Law Dictionary (12th ed. 2024); *accord Westerhold v. Mullenix Corp.*, 777 S.W.2d 257, 263 (Mo. Ct. App. 1989) ("When the parties express their promises in

---

[2] *See Al-Hawarey v. Al-Hawarey*, 460 S.W.3d 40, 42 (Mo. Ct. App. 2015) ("[T]he implicit nature of a *sub silentio* holding has no stare decisis effect and does not bind future decisions of the Court."); *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 827 (Mo. banc 2015) (Fisher, J., dissenting) ("It is basic American jurisprudence that issues not analyzed or discussed in an opinion provide no precedential value."); *see also United States v. Norris*, 486 F.3d 1045, 1054 (8th Cir. 2007) (en banc) (Colloton, J., concurring in the judgment).

2

explicit oral or written words, the contract is labeled: express."). Therefore, an express contract "exists only when the parties mutually express an intent to be bound to specific terms and conditions, either orally or in writing, at the time they enter into the contract." 17 C.J.S. *Contracts* § 13 (footnote omitted).  Not one of those cases provides an example for what Plaintiff describes as a routine practice; there simply is nothing in those cases that states or even implies that the parties explicitly set out all the specific terms and conditions at issue.

For example, one of the cases Plaintiff cited is *Baca Chiropractic, P.C. v. Cobb*, 317 S.W.3d 674 (Mo. Ct. App. 2010).  There was no express contract at issue in that case between a chiropractor and his patient who later refused to pay for the requested chiropractic services.  The court therein noted that the plaintiff-chiropractor attached an affidavit to his pleading that declared "that he had provided the requested services, that his fees were reasonable, and that the Cobbs refused to pay." *Id.* at 676.  The court said nothing about any allegations that the defendant agreed to the exact price for the chiropractic services and nothing indicating that the chiropractor and patient had an express contract that set a price.

Same for *Rank v. Smith*, 601 S.W.3d 564 (Mo. Ct. App. 2020), which Plaintiff described as "a suit based on an express written agreement between a dentist and a patient." Doc. [102] at 3.  But, on the contrary, there is absolutely nothing in the opinion that indicates there was an *express* contract, written or otherwise, between the parties that set out all the essential terms.  The only writing referenced is a "patient information form" that contained language saying the patient "agreed to pay reasonable attorney's fees, interest at

3

1.5% per month, and court costs, associated with the collection of any outstanding balances due." *Rank*, 601 S.W.3d at 566. There is no indication whatsoever that the price of the dental work (an essential term) was set—i.e., there is no indication that there was an express contract.

Indeed, collection on monies owed for medical transactions make casebook examples of actions on account under Missouri law. After all, how often does a surgeon give her patient a contract to sign stating that the exact price of the surgery will be $10,855, or a receptionist tell the doctor's patient that the vaccine the doctor will administer costs $174 and ask whether the patient agrees to pay that amount? At most, patients usually agree to pay the facility or provider's customary charges; patients and providers typically do not agree on an exact amount upfront. *Cf.* James A. Alp, *Imprecision's Terrible Toll: When Hospitals in Ohio Sue to Collect from Their Patients, Often the Loser Is the Rule of Law*, 43 U. Dayton L. Rev. 373, 374 (2018) (noting that a "hospital seeking to collect on a delinquent patient account can rarely point to an enforceable contract" because "[t]extbook contract formation" is "unlikely" to have occurred "[e]ven where the patient has signed an acknowledgement of financial responsibility upon admission" given that there usually is no "express price term in such a document"). When patients fail to pay the customary and reasonable charges, it leads to the quintessential action on account under Missouri law. *See, e.g.*, *St. Luke's Episcopal-Presbyterian Hosp. v. Underwood*, 957 S.W.2d 496 (Mo. Ct. App. 1997); *St. Francis Med. Ctr. v. Hargrove*, 956 S.W.2d 949, 951 (Mo. Ct. App. 1997); *accord Victory Mem'l Hosp. v. Rice*, 493 N.E.2d 117, 119 (Ill. App. Ct. 1986); *Elite Plastic Surgery, LLC v. Huey*, 1:18-cv-0409-TCB, 2018 WL 3616015 (E.D. Va. July 2,

2018). In sum, none[3] of the cases Plaintiff cited in its Memorandum in Support of its Motion for Reconsideration stand for the proposition that an action on account under Missouri law can be based on an express contract.

Plaintiff's Reply in Support understands the issue no better. There, Plaintiff asserted that litigants "routinely plead" claims for "both action on account and breach of contract in Missouri." Doc. [118] at 1. But so what? Plaintiff's briefing treats the question as a hypothetical matter untethered to the allegations in this action. Plaintiff has not at all explained how, based on the facts it alleges, it could have a claim for action on account. The fact that theoretical scenarios exist where parties could have a claim for breach of contract and a claim for action on account does not mean Plaintiff does here.

For a helpful illustration, take *Classic Kitchens & Interiors v. Johnson*, 110 S.W.3d 412 (Mo. Ct. App. 2003), which Plaintiff cites in its Reply. In that case, a homeowner "entered into a written agreement" with the plaintiff whereby the plaintiff was "to install new kitchen cabinets and countertops" in the defendant's home "as per bid." *Id.* at 414. "Plaintiff was to receive 'the aggregate sum of $6,556.00 for the Contract Work, subject to additions and deductions for modifications of the Contract Work.'" *Id.* When the homeowner failed to pay the plaintiff, the plaintiff sued "asserting the work that was performed was pursuant to a contract between the parties to this appeal that provided for

---

[3] Another case Plaintiff cited dealt with an action on a promissory note. *Gateway Metro Fed. Credit Union v. Jones*, 603 S.W.3d 315, 319 (Mo. Ct. App. 2020). The case used the phrase "suit on account," but it never involved an "action on account" under Missouri Approved Jury Instruction 26.03. Rather, *Gateway Metro* plainly was citing the elements for an action on a promissory note. *Id.* at 319 (citing *The Bus. Bank of St. Louis v. Apollo Invs., Inc.*, 366 S.W.3d 76, 80 (Mo. Ct. App. 2012) ("The elements in an action on a promissory note are . . . .")). *See also* Dierker, *supra*, at § 8:2 (listing the elements of an "action on a bill or note" (citing *Gateway Metro*, 603 S.W.3d at 315)).

total payment to plaintiff of $6,556.00" *and* "that additional work was performed at request of [the homeowner] totaling $139.90." *Id.* at 415. That is to say, the parties had an express contract governing some of the work and lacked an express contract governing a small portion of *additional* work; they never agreed on the price of $139.90 for this additional work. The court explained that "[t]he reasonable value of merchandise or services not covered by the contract may be recovered in addition to amounts due under the contract." *Id.* at 416.[4] The plaintiff could succeed on a breach of contract for the contracted work and on an action on account for the remainder because the recovery on the action on account "did not exceed the contract price plus an amount for additional work done *not covered by the contract*." *Id.* (emphasis added).

So, yes, of course it is possible to plead and collect on both a breach of contract claim and an action on account in a single case. *See* Doc. [118] at 3 ("Defendant's Response does not cite to *any* Missouri caselaw holding that a party may not plead both a claim for breach of contract and a claim for action on account."); *id.* at 4 ("But there simply is no Missouri case law holding that a party may not ever plead claims for both breach of contract and action on account."). The question here, though, is not an academic one in

---

[4] The reasonableness element of an action on account claim further underscores the claim's inapplicability where an express contract sets the price. Because an action on account does *not* have a contract with express terms, prevailing on such a claim requires that a plaintiff prove that its "charges were reasonable." Mo. Approved Jury Instr. (Civil) 26.03 (8th ed.); *see also St. Luke's*, 957 S.W.2d at 498. The idea that a plaintiff would have to prove that its charges were "reasonable" when an express contract set the price is anathema to black letter contract law. *See State ex rel. Great Am. Home Sav. Inst. v. Lee*, 233 S.W. 20, 28 (Mo. banc 1921) ("Courts, as it has been seen, have no power to pass on the reasonableness of the terms adopted by the contracting parties."); *Caldwell v. UniFirst Corp.*, 583 S.W.3d 84, 91–92 (Mo. Ct. App. 2019) (explaining that the "freedom of contract includes the freedom to make a bad bargain"); *cf. Kelly & Co. 1st Responders, LLC v. Storm Servs., LLC*, 6:09-cv-03188-ODS, 2009 WL 4908264, at *3 (W.D. Mo. Dec. 14, 2009) ("Since Count 1 is based on an express contract and is not a suit on open account, Plaintiff was not required to allege that the value of the services was reasonable.").

the abstract; the question is whether *this Plaintiff* pleaded facts in *this First Amended Complaint* to support an action on account under Missouri law.  And the answer simply is "no."  At issue here are "Purchase Orders," allegedly "with an aggregate price of $1,653,035.70 for specific pumps and sprayers," that were "subject to Buckeye's Standard Purchase Order Terms and Conditions."  Doc. [93] ¶¶ 6, 8.

An express contract setting the essential terms, including the price, covered every transaction over which Plaintiff sued.  As explained herein, under Missouri law, "[a]n action on account, although sounding in contract, is not an action on express contract."  Dierker, *supra*, at § 4:11.  It is a well-settled principle under Missouri law "that one pleading an express contract will not be permitted to recover on one implied." *See Canaday v. United Rys. Co. of St. Louis*, 114 S.W. 88, 89 (Mo. Ct. App. 1908).  Plaintiff has not explained how it could have a viable claim for action on account where its allegations show that the terms of an express contract governed every purchase at issue. *See Exec. Jet Mgmt. & Pilot Serv., Inc. v. Scott*, 629 S.W.2d 598, 607 (Mo. Ct. App. 1981) (noting "plaintiff's cause of action could hardly be characterized as a suit on account" where evidence showed "oral bilateral contract agreements").  As the Court has explained, because there was an "express contract," Plaintiff "may not relieve itself of its obligations" under the governing contract "by the device of suing on an account." *See St. Louis Testing Lab'ys, Inc. v. Miss. Val. Structural Steel Co.*, 254 F. Supp. 47, 53 (E.D. Mo. 1966), *aff'd*, 375 F.2d 565 (8th Cir. 1967).[5]

---

[5] As best the Court can tell, Plaintiff's confusion stems from the mistaken belief that an action on account is proper *anytime* a business completes a job or order for a customer who then fails to pay. *See*

\* \* \*

"Everyone makes mistakes, and surely judges no less than lawyers." *Alejandre-Gallegos v. Holder*, 598 F. App'x 604, 605 (10th Cir. 2015) (Gorsuch, J., for the Court). But Plaintiff has not shown that the Court made a mistake in granting Defendant's Motion because Plaintiff has failed to point to facts alleged in its First Amended Complaint that would establish a claim for action on account where express contracts governed every transaction. If, at trial, Plaintiff produces evidence supporting a claim for action on account by producing evidence that there were transactions that were not governed by express contracts, then it may move "to amend the pleadings to conform them to the evidence." *See* Fed. R. Civ. P. 15(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stephen Gould Corporation's Motion for Reconsideration, Doc. [101], is **DENIED**.

Dated this 25th day of April 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

Doc. [93] ¶ 15 (alleging Plaintiff "made repeated requests for payment"); Doc. [102] at 2 ("the only remaining performance to be done was for Buckeye to pay for the product"); Doc. [118] at 4 (arguing that where orders "were entirely completed," "i.e., delivered," the "jury should be able to consider those purchase orders in terms of a suit on account" unlike other purchase orders at issue "that were cancelled by Defendant" before "all of the product ordered had been delivered"). But that is just not Missouri law.